[Civ. No. 23143.   Second Dist., Div. Three.   Nov. 19, 1958.]

THE CITY OF LOS ANGELES et al., Respondents, v. H. B. JAMESON et al., Appellants.

352

Maurice Gordon and Flynn & Rafferty for Appellants.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney for Water and Power, and O. M. Lloyd, Deputy City Attorney, for Respondents.

SHINN, P. J.—The present action is by the city of Los Angeles and the Los Angeles Department of Water and Power for a mandatory injunction compelling two adjoining landowners to remove chain link fences which they had erected around the rear and side boundaries of their respective lots in North Hollywood. The court made findings and entered judgment ordering the fences removed. Defendants appeal.

By grant deed dated January 6, 1913, appellants' predecessor in title granted to the city a permanent easement and right of way across what is now the easterly half of Lot 26, Tract 2755 (now owned by appellant Jameson) and what is now the westerly half of Lot 25 (now owned by appellant B. Pecel & Sons, Inc.) for the purpose of constructing, maintaining and operating an electric power line or lines. The easement is in a strip of land, 150 feet wide, which runs diagonally across the rear of each lot in a southeasterly direction. Included in the grant were "all necessary and convenient means of ingress and egress to and from said right of way for the purpose of maintaining, repairing, or renewing such line or lines; *reserving however*, unto said grantor all such pastural, agricultural, and mineral rights on, in, or to said strip of land as shall not interfere with, or prevent, the full and perfect use and enjoyment by said The City of Los Angeles of the rights and easements hereinabove described."

Appellant Jameson operates a machine shop and an automobile parts manufacturing business on his half of Lot 26; appellant B. Pecel and Sons, Inc., is engaged in the sewer contracting business on its half of Lot 25. In 1948, appellants erected chain link fences around the rear and side boundaries of their respective parcels; the fences enclosed a substantial portion of the right of way. The department of water and power constructed towers and poles for power lines upon the right of way between 1950 and 1954. None of these is within the enclosed area, but five of the department's power circuits, consisting of 15 wires, pass over the fences.

In 1955, plaintiffs brought separate suits against Jameson and Pecel to quiet title to the easement, for declaratory relief, and for injunctions compelling defendants to remove automobiles, trucks, machinery, and oil drums, etc., which they were then storing upon the right of way; the complaint did not seek removal of the fences. Plaintiffs obtained a default judgment against Jameson and judgment by stipulation in the action against Pecel. The judgment decreed, in part, that the city is the owner of a "permanent and unobstructed easement and right of way" in, over and across the strip of land described in the 1913 deed, and that the objects stored on the right of way were substantial and unreasonable obstructions to the operation and maintenance of plaintiffs' electric power facilities. Appellants were enjoined from maintaining such "or any other" obstructions within the boundaries of the right

of way. In compliance with the judgments, the obstructions listed therein were removed.

Subsequent to entry of the judgments, plaintiffs attempted to secure removal of the fences by contempt proceedings in both cases and by petitions for writ of injunction and for modification of the judgment in the Jameson case. Upon denial of the relief sought, plaintiffs commenced the present action.

The complaint alleged that the fences are an encroachment upon the easement and render its exercise unreasonably difficult, burdensome and expensive. It was also alleged that on April 16, 1956, the department of water and power made demand upon appellants to remove the fences, but the demand was refused. Appellants answered, denying that the fences interfere unreasonably with plaintiffs' easement and alleging, as a separate defense, that the action is barred by the judgments in the former suits.

The evidence at the trial consisted of the files in the former action, a tract map, a photograph and the testimony of one of plaintiffs' employes.

The court found: Plaintiffs own and are entitled to the full and perfect use and enjoyment of a permanent and unobstructed easement and right of way; appellants have no rights in the land within the boundaries of the right of way except for agricultural, pastural and mineral rights; appellants erected chain link fences within the right of way without protest from plaintiffs and maintained them without objection until plaintiffs demanded their removal on or about April 16, 1956; the fences obstruct the free passage of equipment and personnel of the department in and along the right of way and make such passage more difficult and burdensome; in the event of an emergency repair to the department's transmission line conductors the presence of the fences would delay the repair work, increase its costs and increase the loss of electric energy; the fences constitute a substantial obstruction to the easement and right of way. The court also found the defense of res judicata to be unmeritorious. In this connnection, the court found that the question whether the fences are an obstruction was not directly decided in the former actions, that the question does not appear upon the face of the former judgments to have been decided therein, and that the question involves a different claim or demand from any presented in the former actions. Consistent with these findings, the court granted a mandatory injunction compelling removal of the fences.

■ Appellants' principal contention is that the court erred in finding adversely to their defense of res judicata. In support of their assignment of error appellants argue that the question whether the fences are a substantial obstruction to the easement is one that could have been litigated in the former actions and that the judgments in those actions constituted a final adjudication, not only of every issue raised therein, but of every issue that might have been raised therein. We cannot agree with this contention.

■ It is settled that a final judgment on the merits between parties who in law are the same operates as a bar to a subsequent action upon the same cause of action, settling not only every issue that was raised, but also every issue that might have been raised in the first action. (*Olwell* v. *Hopkins,* 28 Cal.2d 147, 152 [168 P.2d 972] and cases cited.) ■ However, the Supreme Court said in *Todhunter* v. *Smith,* 219 Cal. 690, at page 695 [28 P.2d 916] : "A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action."

■ Appellants do not contend, nor can it be contended, that the status of the fences was litigated and determined in the former actions. Hence their argument would be meritorious only if the present suit were based upon the same claim or cause of action upon which plaintiffs sought recovery in the former suits. We think that the instant case and the earlier cases involve distinct causes of action. By their complaint in the earlier cases, plaintiffs sought to quiet their title to an unobstructed easement and right of way over appellants' property. They sought a declaration of their rights and the rights of the defendants. That was their cause of action. The injunctive relief requested therein was merely incidental to the establishment of plaintiffs' title. The present action is merely one to obtain further enforcement of the rights that were determined by the former judgments. Obviously, the maintenance of chain link fences upon the right of way would constitute an encroachment separate and distinct from the storing of automobiles and machinery thereon and would give rise to a separate claim of interference with plaintiffs' unobstructed enjoyment of their easement.

The former judgments decreed that the city of Los Angeles is the owner of and entitled to the permanent and unob-

structed easement and right of way in, over and across the real property to construct, maintain and operate lines, poles and towers for the transmission of electrical energy "together with all necessary and convenient means of ingress or egress to and from said right of way for the purpose of maintaining, repairing, or removing such line or lines and facilities"; Department of Water and Power of the City of Los Angeles has the same rights. It was declared that defendants have no right to maintain or operate upon the right of way area "any obstructions to said easement and right of way, including but not limited to the obstructions hereinafter set forth." It was further declared that defendants have no rights within the boundaries of the right of way "for any uses or purposes whatsoever other than such pastural, agricultural, and mineral rights as shall not interfere with or prevent the full and perfect use by plaintiffs of said easements and right of way." The defendants were enjoined from placing or maintaining in the area "any of the obstructions to the operation and maintenance of said right of way defined, declared, and set forth . . . hereinabove, or any other obstructions, and are hereby ordered to remove therefrom all of said obstructions now located thereon; and from obstructing plaintiffs' said easements and right of way and the free and uninterrupted use thereof for the transmission of electrical energy in any manner whatsoever." The facts found in the present action constituted a violation of the injunction by the defendants. The fences constitute "other obstructions" which the defendants were forbidden to place or maintain upon the area within the easement. The judgments, therefore, constituted an adjudication adverse to the rights of the defendants to maintain the fences. The adjudication was conclusive upon the defendants and barred them from asserting such rights in this proceeding. (Code Civ. Proc., § 1908; 41 Cal.Jur.2d 600; *Estate of Clark,* 190 Cal. 354, 360 [212 P. 622].)

Plaintiffs did not forfeit their rights by delaying action to compel the removal of the fences. The fact they were unsuccessful in the proceedings taken to obtain further relief in the former actions does not bar them from seeking such relief in the present action. To permit the defendants to maintain the fences under the facts found would nullify to a material extent the judgments in the former actions by which they were enjoined from obstructing the free use of the easement by the plaintiffs. There is no merit in the contention of the defendants that they have the right to maintain the fences

merely because the former judgments did not describe the fences as "other obstructions" which they were forbidden to place or maintain upon the property.

█ A second contention of appellants is the insufficiency of the evidence to support the findings that the fences constituted a substantial obstruction to plaintiffs' use of the easement and right of way. The argument is without merit.

The only witness at the trial was Theodore M. Blakeslee, an electrical engineer in charge of the operation and maintenance of the water and power department's power transmission lines and rights of way. Blakeslee testified on behalf of plaintiffs that appellants' fences impeded patrolling of the right of way and by delaying the movement of men and equipment would retard repairs to damaged or disconnected power lines. Blakeslee also testified that an aluminum conductor would be damaged more severely if it fell across one of the fences than if it struck the ground; this would increase the cost of repair. On cross-examination, he admitted that none of the power lines passing over appellants' property had fallen or required changing subsequent to their installation.

█ Whether the fences interfered substantially with the repair and maintenance of plaintiffs' electric power facilities was a question of fact to be resolved by the court from all the circumstances in evidence. (17 Cal.Jur.2d 135.) █ The court could reasonably infer from Blakeslee's testimony that the fences would be a source of delay and extra expense in the event of electrical trouble at the location. We cannot say, as a matter of law, that the evidence was insufficient to support the challenged findings.

█ Appellants' final contention is that the court erred in rejecting certain offers of proof. Counsel offered to prove by the testimony of Blakeslee that it was unnecessary for plaintiffs' employes to go onto appellants' property in order to clean or replace insulators, that the right of way could be conveniently inspected by means of a patrol road located outside the boundaries of appellants' lots, that the department maintained locked fences on other portions of its right of way, and that the placing of a gate in Jameson's rear fence together with a locking device chosen by the department would be a convenient alternative to removal of the fences. Counsel stated that the purpose of the proposed testimony was to show that the fences were not an unreasonable obstruction. The offers of proof were rejected by the court.

The court did not commit error in rejecting the offers of

proof. The offers related to immaterial matters. The proposed testimony that plaintiffs could conveniently patrol the area outside the boundaries of appellants' lots or conveniently erect a gate in the Jameson fence, even if it established those facts, would not have disproved that the fences constituted a substantial obstruction to plaintiffs' exercise of its easement.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.