No. 18,862.

Mrs. Carl Hizel, etc. *v.* Budd Howard, et al., as
Arthur Murray Studios.
(354 P. [2d] 611)

Decided August 22, 1960.

Mr. Paul F. Goldsmith, Mr. Kenneth A. Selby, for plaintiff in error.

Mr. Joseph D. Neff, Mr. A. E. Small, Jr., for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error in which the parties appear as they did in the trial court, seeks to reverse a judgment of dismissal wherein the court upheld the defense of res judicata upon the following factual situation:

Plaintiff in the year 1950 entered into a prepaid contract with the defendants for a series of dancing lessons and paid the full sum of $3,000 thereon, for which the defendants promised to give her instruction in dancing for a total of 600 hours.

In 1953, after 260 hours of dancing lessons had been used, plaintiff brought suit in the district court. She asked for rescission on the ground that defendants had made material misrepresentations to induce her to enter into the contract and to obtain from her the full contract price or, in the alternative, prayed for damages on the ground of breach of contract. Plaintiff was non-suited on findings by the court that plaintiff was not entitled to rescind and that she had failed to prove any substantial breach of the contract. The judgment of dismissal was affirmed without written opinion in this court in *Collins v. Howard, et al.,* 130 Colo. 272, 274 P. (2d) 977.

In January 1955 plaintiff sought to resume the series of lessons which had been interrupted by the suit. On February 25th she received a letter from the defendants acknowledging, by way of review, her payment of $3,000 for 600 hours of instruction, reiterating (what was well established) that she had used 260 hours and that there were 340 hours remaining. After this calculation the letter then informed plaintiff that there was being deducted from the remaining hours of instruction 201 hours ($1,005) for legal fees and court costs "which your (previous) case in court costs us." The letter closed with the statement, "We come to a total of 139 hours remaining."

In June the plaintiff received another letter — this time from an attorney representing the defendants —

informing her that the dance studio did not owe her any dance lessons at all, that the remaining lessons offered were a sheer "gratuity" and because "voluntarily offered cannot be the subject of dispute."

Plaintiff then brought suit to which defendants, among other defenses, pleaded "res judicata." The defense was sustained by the court and the action was dismissed.

The test of res judicata set out in *Newby v. Bock*, 120 Colo. 454, 210 P. (2d) 985, and quoted with approval in *McDermott v. Bent County Irrigation District*, 135 Colo. 70, 308 P. (2d) 603, is a guide in answering the question posed herein. For the plea to be a complete defense, there must be "identity of subject matter, identity of cause of action, identity of persons to the action and identity of capacity in the persons for which or against whom the claim is made." Judgment on the merits precludes not only matters determined and actually litigated but also all matters pertaining to the issues which could or might have been litigated therein.

The second action brought herein which, on the face of it, has some of the elements which might lead one to a conclusion that the action was "res judicata," presents issues and controversies between the parties that arose many months after final judgment in the first case and presented an entirely new cause of action based on a new and subsequent breach of the contract. Because it is presumed that the parties will act in accordance with their legal obligations, it cannot be said that after the first suit, which confirmed the contractural obligations of the parties, a breach would occur such as arose here with the sending of the two letters.

The judgment is reversed and the cause remanded to the trial court for trial on the merits.

Mr. Chief Justice Sutton and Mr. Justice Hall concur.