No. 21684.

WAYNE ASHLEY AND INDUSTRIAL COMMISSION OF THE
STATE OF COLORADO *v.* JOHN J. ROCHE AND A. UNREIN, JR.,
AS CO-PARTNERS, D/B/A AMBULANCE SERVICE COMPANY;
HERBERT G. MCCORMICK AND
(FIRST NAME UNKNOWN) FROME.

(431 P.2d 783)

Decided September 18, 1967.

Victor E. DeMouth, Bailey Belfor, for plaintiff in error Wayne Ashley.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of the State of Colorado.

White and Steele, John E. Clough, for defendants in error.

*In Department.*

Opinion by John N. Mabry.*

This review involves questions regarding the effect of a release to one of several tort feasors and whether there may be a second recovery of damages for added damages proximately caused by original injuries. The litigants will be referred to by name, or as plaintiff and defendants as in the trial court.

On November 17, 1962, plaintiff Ashley, an automotive

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

machinist for Power Engineering Company in Denver, Colorado, was injured on the job by a sudden malfunction and falling of an I-Beam mechanism which had been furnished to his employer by Allied Steel Company. As a resu.t Mr. Ashley was knocked down and sustained low back injuries and a mangled hand. He was taken to Presbyterian Hospital in Denver where he was confined and treated for three days. Later he had surgery on his hand and on his back and returned to full time duty about a year after sustaining the injuries.

In December 1962, the plaintiff filed a claim with the State Industrial Commission against his employer Power Engineering Company for his hand and back injuries. As a consequence of the medical and hospital bills that had been incurred, the State Compensation Fund paid such bills for several months and was still paying them as they were incurred to the time of a settlement of the case filed against Allied Steel Company, more particu arly referred to below.

In December 1962, plaintiff, by an election of remedies filed an action in the district court of Denver against the Allied Steel Company seeking recovery for the same back and hand injuries. The Industrial Commission claim was suspended and finally abandoned. Negotiations in September 1963 resulted in a stipulated settlement and payment of $20,000 to plaintiff in full settlement for all claims for the back and hand injuries. A general release was signed by plaintiff, his wife, his attorney, and an officer of the State Compensation Insurance Fund. (The latter's interest was in the re-payment for medical bills theretofore paid for the claimant in the treatment of the injuries). The Allied Steel action was dismissed with prejudice. The release was the usual detailed one and discharged forever all persons, firms and corporations, known or unknown, from all claims, damages or causes of action or suits at law done by any one prior to and including the date of the release on account of all injuries resulting, or to result, from an accident which

occurred in Denver, Colorado, on or about November 17, 1962, in which Ashley was injured. Further, the release specifically discharged claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof in any way growing out of or connected with the said accident.

In February 1964, Ashley filed the present action in the Denver district court against the defendants claiming that he suffered a second injury to his back on November 17, 1962, as a result of the negligence and unskillfulness of the defendants while he was being transferred in defendants' ambulance from one hospital to another for medical attention for the original injuries he had sustained to his right hand. The issues were joined.

Defendants filed a motion for summary judgment supported by an extended deposition of the defendant regarding the alleged second injury to his back while in the ambu'ance; an affidavit of an attorney who participated in the settlement of the claim against the Allied Steel Company, and who delivered the $20,000 draft; answers to written interrogatories, and the pleadings. Movants maintained that payment in full had been made for the injuries; the claim had been discharged and there was nothing to litigate; and the whole matter was res judicata.

The p'aintiff, while admitting he had experienced but one back injury argued that the back injury compensated for in Allied Steel had never been judicially determined to have any basis in fact or validity and, therefore, could not be a bar to his present claim; the release and dismissal did not absolve the defendants from liability on the doctrine of joint tort feasors; res judicata was not applicable; and insisted plaintiff should be allowed to proceed with his case in efforts to recover for the back injuries, which now are said to have occurred during the ambulance trip.

The court granted the motion for summary judgment

and held *inter alia*: That the doctrine of res judicata is applicable; the original injuries were the proximate cause of the added damages resulting from the negligence and unskillfulness, if any, of the ambulance drivers; and there could be but one recovery for the same injuries. Primarily, the ruling was: "* * * based on *Sams v. Curfman*" cited below. We believe the trial court correctly resolved the questions before it. By writ of error the plaintiff urges the same grounds he advocated in the trial court.

The law on the subject is well established in Colorado. *Sams v. Curfman*, 111 Colo. 124, 137 P.2d 1017, is dispositive of the issues here. In that case the plaintiff was injured in a collision between his car and one owned by a creamery company. A settlement was effected for the alleged injuries, payment was made, and the action was dismissed. The plaintiff thereafter sued doctors for alleged malpractice in the treatment of his original injuries growing out of the collision. The release was pleaded in bar to the suit against the doctors. The plaintiff there contended the release had no application because there was no causal connection between the wrong committed by the creamery company and that committed by the doctors. Judgment on the pleadings was entered against plaintiff and in favor of the defendants and this court in discussing the question of causal connection and other questions before it, stated: "* * * It follows that the injury, if any, resulting from the negligence, lack of skill or blunders of defendants, could have been, and is presumed to have been, included in the suit against the Creamery Company and the presumption is inescapable that it was so included and recovered in the settlement of that action."

The plaintiff received compensation for his injuries, and his right to any further remedy is therefore exhausted. The release of Allied Steel was a release of the defendants herein as well. The pleadings, depositions and affidavit before the court establish that

there is no genuine issue as to any material fact. The trial court properly granted a summary judgment and it should be affirmed.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.