Carl O. **PERDUE** and Alvina Perdue,
Plaintiffs and Appellants,

v.

Evelyn J. **KNUDSON**, Defendant
and Respondent.

Civ. No. 8403.

Supreme Court of North Dakota.

Dec. 8, 1967.

Walter O. Burk and Ray H. Walton, Williston, for plaintiffs and appellants.

Bjella, Jestrab, Neff & Pippin, Williston, for defendant and respondent.

HAROLD M. HAGER, District Judge.

This is an action brought by the appellants, Carl O. Perdue and Alvina Perdue, against the respondent, Evelyn J. Knudson, to recover damages arising out of an alleged breach of option to purchase real estate. To this complaint the respondent served and filed his answer and counterclaim containing several counts.

The respondent, as defendant, made a motion for summary judgment and, on hearing, the trial court granted such motion and ordered entry of judgment of dismissal of the complaint. The trial court made no adjudication of the defendant's counterclaim. Pursuant to such order, the clerk of the district court entered a judgment dismissing the complaint. From the summary judgment entered the plaintiffs have brought this appeal.

Under the facts above stated, the first issue for us to determine is whether or not, under our present Rules of Civil Procedure, the matter is properly pending before us. Rule 54(b), N.D.R.Civ.P., provides:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The first question for us to determine is whether or not the complaint-counterclaim situation involved in this case is such as to bring it within the multiple claims rule set forth above.

Rule 54(b) of the North Dakota Rules of Civil Procedure is very similar to Rule 54(b) of the Federal Rules of Procedure and, as this court has never passed on the subject, we will refer to the Federal cases which have passed on this subject.

In 6 Moore, Federal Practice, Sec. 54.35, at 249 (2d ed. 1966), it is stated:

Since a claim-counterclaim action involves multiple claims, under amended 54(b) it is unnecessary to distinguish between compulsory and permissive counterclaims, where the court adjudicates the claim but not the counterclaim, or vice versa, *and does not execute its certificate,* for in that event the adjudication is interlocutory until the court has adjudicated all the claims (including the counterclaims).

In support of the above statement, the following cases are cited: Winsor v. Daumit, 7 Cir., 179 F.2d 475, which involved a case where an order was entered disposing of just one of several counterclaims; Huntington Palisades P. O. Corp. v. Metropolitan F. Corp., 9 Cir., 180 F.2d 132, a case in which an order dismissing the compulsory counterclaim was made but no other order was made as to the remainder of the issues raised; Schiel v. New York Life Ins. Co., 9 Cir., 178 F.2d 729, wherein an order was entered disposing of plaintiff's claim but not defendant's compulsory counterclaim. In that case the Supreme Court of the United States denied certiorari, 339 U.S. 931, 70 S.Ct. 668, 94 L.Ed. 1351. In Etten v. Kauffman, 3 Cir., 179 F.2d 302, a judgment did not dispose of all the issues raised in the plaintiff's complaint nor defendant's counterclaim. Robinson Brothers & Co. v. Tygart Steel Products Co., 3 Cir., 184 F.2d 534, is a case in which an order dismissing the counterclaim was made. In Island Service Company v. Perez, 9 Cir., 255 F.2d 559, the court said:

The crucial defect is that the judgment makes no mention of the counterclaim. There is no disposition thereof. The counterclaim is not dismissed. Relief is not denied thereon by the judgment. There is a paragraph in the conclusions of law which may refer to the subject matter of the counterclaim. It is there stated that this claim "was not within the issues of the case and the court makes no determination thereof." This expression was not, however, part of the judgment. Even if the paragraph were an integral part of the judgment, the trial court has no authority to refuse to decide a validly pleaded counterclaim to which there is an answer by such a disclaimer.

The judgment did not comply with the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. There

was no judgment disposing of the counterclaim. There was no certificate or finding as required by this Rule.

The case held that the appeal should be dismissed because of failure of the entry to conform to this clause of the rule.

In Volume 3 of Barron and Holtzoff, Section 1393, page 28, it is stated:

* * * Wherever more than one claimant requests relief, as by counterclaim, cross claim, etc., more than one "claim for relief" is presented, regardless of the factual similarity of the claims, since the claimants could have enforced their claims separately.

The Federal cases cited above have clearly held that where there is a complaint-counterclaim situation there exists a multiple-claim situation and, in order to settle one of the claims without the other, it must be done by the trial court entering a determination and direction as provided by Rule 54(b).

We have carefully checked the rulings in the above and foregoing cases and we feel that they are based on a sound interpretation of the rule and, since our rule is similar in every respect to that of the Federal rule being interpreted in the cases set forth, this court will follow those rulings and will declare that multiple claims for relief are involved when there is a complaint-counterclaim action before the court.

In the case of Kack v. Kack, N.D., 142 N.W.2d 754, this court had a multiple-claim situation before it and this court, at that time, stated as follows:

It would appear to us that the trend of the decisions is that judgments which do not adjudicate all claims are unappealable unless the determination and direction required by Rule 54(b) has been made before the taking of the appeal.

In the Kack case, supra, the plaintiff brought an action against the defendant, setting forth two causes of action. In his answer, the defendant denied the allegations material to this lawsuit and asserted that neither of the plaintiff's causes of action stated a claim on which relief could be granted. The defendant then moved for summary judgment in his favor and the district court granted summary judgment of dismissal of plaintiff's second cause of action, but denied the motion for summary judgment as to plaintiff's first cause of action. Following a hearing on the first cause of action, judgment was entered in favor of plaintiff and against the defendant. In the order for dismissal, no mention was made of the order entered granting a dismissal of the second cause of action. Thereafter, the attorneys for the respective parties stipulated that the judgment could be amended so as to cover the dismissal of plaintiff's second cause of action and an amended judgment to that effect was entered thereon.

The question before the court was whether the time for appeal began to run at the entry of the first judgment or on entry of the second amended judgment. This court in that case specifically held:

Under these circumstances and with the hope of establishing a uniform practice in the application of Rule 54(b), we are constrained to hold that the time for appeal did not commence to run in the instant case until after the service of the notice of the entry of the amended judgment.

This court, therefore, held that where a judgment was entered only on one claim, in an action involving multiple claims, the judgment so entered was not an appealable judgment, unless the said judgment was entered pursuant to an express determination and direction made by the trial court as required by Rule 54(b), North Dakota Rules of Civil Procedure.

In the case at bar, the trial court made no express determination and direction to the effect that there was no just

reason for delay in the entry of a final judgment on the claim of the appellants pursuant to Rule 54(b), N.D.R.Civ.P., and, as no final order and judgment were entered as to respondents' counterclaim, the judgment appealed from was not a final judgment and was, therefore, not appealable.

The appeal in this case will therefore be dismissed and the case is hereby remanded to the district court for further proceedings consistent with the holdings set forth above.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and PAULSON, JJ., concur.

KNUDSON, J., deeming himself disqualified did not participate; Honorable HAROLD M. HAGER, one of the judges of the First Judicial District sitting in his stead.