489 P.2d 334 (1971)
Joan L. POLTERA, Plaintiff-Appellant,
v.
J. M. GARLINGTON et al., Defendants-Appellees.
No. 70-199.
Colorado Court of Appeals, Div. I.
August 10, 1971.
Rehearing Denied August 31, 1971.
Certiorari Denied October 26, 1971.
George A. Hinshaw, Aurora, for plaintiff-appellant.
Thomas W. Gibb, Denver, for defendants-appellees J. M. Garlington and Manufacturers and Wholesalers Indemnity Exchange.
Wagner & Wyers, Carl A. Wyers, Dean R. Vanatta, Denver, for defendant-appellee William H. Keener, M. D.
Not Selected for Official Publication.
DUFFORD, Judge.
During the year 1964, the plaintiff-appellant was injured in an automobile accident involving herself and J. M. Garlington, one of the appellees. During the year 1966, plaintiff instituted a prior legal action other than the present case against Garlington seeking a recovery of damages for the injuries inflicted upon her in the 1964 accident. During the pendency of such legal proceedings, the plaintiff was examined by Dr. Keener at the request of Garlington and his insurance company, Manufacturers and Wholesalers Indemnity Exchange. Dr. Keener and Manufacturers and Wholesalers Indemnity Exchange are the other appellees in *335 the present case. In June 1968, after the examination by Dr. Keener, the plaintiff accepted the sum of $11,500 from Garlington and his insurer, Manufacturers and Wholesalers Indemnity Exchange. Thus sum was paid as a settlement for the injuries which plaintiff suffered in the 1964 accident, and in exchange for such payment she executed a document titled as a General Release, which contained, among other provisions, the following language releasing:
"* * * Jesse M. Garlington and his successors and assigns, and each of their heirs, executors, and administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 25th day of June, 1964, for which we have claimed the said Jesse M. Garlington to be legally liable, which liability is hereby expressly denied."
Concurrent with the execution of the release document, the plaintiff and Garlington entered into a stipulation dismissing with prejudice the then pending damage action between them. All of these facts are uncontroverted.
The present action was commenced during the year 1969 by the plaintiff against Garlington, Dr. Keener, and Manufacturers and Wholesalers Indemnity Exchange, and in this proceeding the plaintiff sought recovery of damages allegedly suffered by the plaintiff as a result of Dr. Keener's negligence in conducting an orthopedic examination upon the plaintiff relating to the injuries which she suffered from the 1964 accident. Garlington and Manufacturers and Wholesalers Indemnity Exchange were made parties on the theory that Dr. Keener was acting as their agent in conducting such examination. In view of the settlement of the earlier damage action and the execution of the general release uy mc piaiuun, uie trial cuun in this case granted a summary judgment in favor of all the defendants. Plaintiff has appealed, contending that there were genuine issues of fact present in this case regarding the intent of the parties to the release instrument which the plaintiff signed, as well as the adequacy of the compensation which plaintiff was paid for such relief. It is the plaintiff's further contention that the trial court was incorrect in granting the defendants' motion for summary judgment for the reason that the plaintiff had a cause of action against Dr. Keener which was separate and apart from that which she had against Garlington and his insurer.
The plaintiff is incorrect in her contentions, and the ruling of the trial court was correct.
The law is settled in this jurisdiction that, where a person accepts a settlement for injuries with the tort feasor who caused the accident resulting in his or her disability and executes a formal release from any and all causes of action, claims and demands, damages and expenses growing out of that accident, that person cannot thereafter recover from a physician for damages resulting from the alleged negligent treatment of those injuries. The rationale upon which this rule rests is that the original injuries are held to be the proximate cause of the additional damages which result from the purported negligence of the physician against whom recovery is sought. Ashley v. Roche, 163 Colo. 498, 431 P.2d 783; Sams v. Curfman, 111 Colo. 124, 137 P.2d 1017.
Considering the uncontroverted facts of this case; the amount of consideration which was paid to the plaintiff for the execution of her general release; and the scope and nature of the professional services which Dr. Keener extended to the plaintiff, there is no question that plaintiff's present action is barred as a matter of law.
Judgment is affirmed.
COYTE and PIERCE, JJ., concur.