502 P.2d 87 (1972)
Rufina SANCHEZ, Plaintiff-Appellant,
v.
GEORGE IRVIN CHEVROLET COMPANY, INC., Defendant-Appellee.
No. 72-028.
Colorado Court of Appeals, Div. II.
September 26, 1972.
*88 Robert B. Booz, Lakewood, for plaintiff-appellant.
Pferdesteller, Vondy, Horton & Worth, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
This is an appeal by plaintiff-appellant Rufina Sanchez from an order of the Denver Superior Court, granting defendant-appellee George Irvin Chevrolet Company, Inc.'s, motion for a summary judgment. The facts material to this appeal are not in dispute.
On December 1, 1968, plaintiff purchased a 1969 automobile from the George Irvin dealership. At that time defendant agreed to obtain full insurance coverage for the automobile. On June 2, 1969, the windshield of the car was broken. When plaintiff asked to be reimbursed for the cost of replacement, defendant confessed failure to secure insurance coverage and refused to reimburse plaintiff.
On June 27, 1969, plaintiff's automobile was involved in a collision with a car driven by one Everett Higgins and her car was taken to Irvin for repairs. On July 20, while in defendant's custody, the rear wheels and tires of the car were stolen, and the windshield was broken again. When repairs were completed, defendant, who had still not secured insurance coverage, refused to relinquish the car until the bill of $954.46 was paid. Although that amount included the cost of repairs and replacement of the stolen wheels and tires, it is not clear from the record whether this amount included replacement of the second windshield.
Without money to pay for the repairs, plaintiff claimed she was required to rent an automobile. On October 3, 1969, she settled with Higgins' insurance company and signed a general release from liability. Two days later, plaintiff paid "all bills" and obtained possession of her car.
Plaintiff brought this suit to recover the amounts which she had paid for the stolen wheels and tires, the broken windshield *89 and the rental car on the basis of the alleged negligence of defendant. On defendant's motion, summary judgment was granted as to all amounts except the cost of the original windshield ($73.61), which defendant confessed and the court ordered the defendant to pay.
The issue before this court is: Did the plaintiff's signing of a "general release" in favor of Higgins release defendant from liability for the damage to the vehicle which occurred while the car was in defendant's custody for repairs? Plaintiff contends that it did not, and we agree.
The trial court apparently based its judgment upon an analogy between the case at bar and Sams v. Curfman, 111 Colo. 124, 137 P.2d 1017. There, the plaintiff's general release of the automobile driver was successfully pleaded as a bar to a subsequent suit in negligence against the physicians who treated plaintiff for the injuries he sustained in the collision. The rationale of that case was affirmed on similar facts in Ashley v. Roche, 163 Colo. 498, 431 P.2d 783. The basis for the decision was that the original injuries were the proximate cause of the added damages for which the original tortfeasor could be held liable, such damages being reasonably foreseeable as natural and probable consequences of the tort. Any injuries from the physician's negligence were presumed to have been compensated for in the settlement with the original tortfeasor. Once settlement with the original tortfeasor was reached, full compensation was presumed. The facts in Sams and Ashley, supra, supported the presumption.
The presumption enunciated in the cases of Sams and Ashley, supra, is a rebuttable presumption, however, such a presumption does not arise when, as here, the plaintiff's claim involves distinct and separate injuries caused by "independent successive tortfeasors" and a settlement is obtained with the original tortfeasor. Ash v. Mortensen, 24 Cal.2d 654, 150 P.2d 876. See Bayers v. W. O. W., Inc., 162 Colo. 391, 426 P.2d 552.
As to such independent actors, the release of the first tortfeasor does not release the second unless the evidence discloses an intent to release both. The intent of the parties must be determined by examining the language of the instrument, the amount paid, and the surrounding circumstances. Prosser, Joint Torts and Several Liability, 28 Calif.L.Rev. 413 at 425. In Bayers v. W. O. W., Inc., supra, the court quoted from Professor Prosser's article with approval, thus:
"[A]s to independent wrongdoers, not acting in concert, who were liable for the same loss, there seems to be no reason to conclude that a release of one would release the others, except in so far as it was based upon actual satisfaction of the claim."
. . . . . .
". . . The question is whether, upon the facts, it is possible to say that each defendant is responsible for a separate portion of the loss sustained."
The record before this court does not disclose whether plaintiff's settlement included compensation for the cost of wheels, tires, windshield and car rental. Therefore, under these circumstances, although such release may be a defense at trial, it does not constitute a bar to suit as a matter of law.
Judgment reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and COYTE, J., concur.