537 P.2d 1089 (1975)
Daniel L. HYZAK and Darlene J. Hyzak, Plaintiffs-Appellants and Cross-Appellees,
v.
Jacob GREYBAR and George K. Fish, Defendants, and
Faith Realty & Development Co., Defendant-Appellee and Cross-Appellant.
No. 74-334.
Colorado Court of Appeals, Div. II.
June 3, 1975.
Rehearing Denied June 24, 1975.
Certiorari Denied August 5, 1975.
*1090 Fischer, Wilmarth & Hasler, G. William Beardslee, Elery Wilmarth, Fort Collins, for plaintiffs-appellants and cross-appellees.
Hill & Hill, Alden V. Hill, Fort Collins, for defendant-appellee and cross-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs sued to recover damages from defendants Greybar, Faith Realty & Development Co. (Faith), and Fish for misrepresentations relative to real property purchased by plaintiffs from Greybar. Faith filed a motion for summary judgment which was granted. Plaintiffs appeal from the ensuing judgment dismissing their action as to Faith and Fish. We affirm.
The facts pertinent to this appeal are undisputed. Greybar desired to sell an apartment house in Fort Collins. He employed Faith as his broker. Fish was Faith's salesman. Greybar told Fish the lot dimensions of the property were 90 feet by 160 feet. After negotiations with Fish and Greybar, and after being shown the property by both defendants, plaintiffs bought the property. Both Greybar and Fish told plaintiffs the lot was 90 feet wide and Greybar pointed out the boundaries to plaintiffs on that basis. Some time after the purchase, plaintiffs learned the lot was only 70 feet wide when their neighbor claimed the extra 20 feet. The recorded plat of the lot established that the lot was, in fact, only 70 feet wide. Defendants refused plaintiffs' demand for compensation for the loss, and this suit followed.
Faith filed a motion for summary judgment which was denied, and the action was set for trial. Thereafter it filed an answer, which included several affirmative defenses, and a cross-claim against Greybar for the amount of any judgment obtained against Faith, and which included by reference the appropriate allegations in plaintiffs' complaint which involved Greybar.
Shortly before the trial date, Faith learned that plaintiffs had settled their dispute *1091 with Greybar and had executed a document designated as "Agreement and Covenant Not to Execute." Faith thereupon filed an additional motion for summary judgment on the ground that the agreement constituted a release which released all the joint tortfeasors. This motion was granted by the trial court, and the action was dismissed as to all defendants.
The "Agreement and Covenant Not to Execute," after outlining the facts, stated that, in consideration of $1,500 paid by Greybar to plaintiffs, plaintiffs agreed not to execute any judgment that they might obtain in the pending action; that plaintiffs would hold Greybar harmless from any judgment that Faith might obtain on its cross-claim; and that Greybar would not be obligated to defend against the cross-claim. It then stated:
"It is further understood and agreed that this Agreement is intended as a full compromise and settlement of all claims, demands, and rights of action, if any, arising from Greybar's sale to the Hyzaks of the real property described above, whether or not said demands, claims, or rights of action are set forth in the said Civil Action No. 22687, and the Hyzaks hereby release Greybar from all of said demands, claims and rights of action, if any."
The trial court found that, although the agreement showed an "indication of proceeding" with the lawsuit, the above quoted paragraph unequivocally stated a full compromise and release from which Faith was not excepted, and that no rights against Faith were reserved. We agree.
Plaintiffs contend that the trial court misconstrued the agreement, and that a covenant not to execute, like a covenant not to sue, does not release joint tortfeasors. However, it is not what the document is called that controls, but the agreement of the parties as contained in the body of the document. Union Pacific Ry. v. Chicago, Rock Island & Pacific Ry., 163 U.S. 564, 16 S.Ct. 1173, 41 L.Ed. 265.
Plaintiffs rely on Cox v. Pearl Investment Co., 168 Colo. 67, 450 P.2d 60, which involved a "Covenant Not to Proceed with Suit." The Supreme Court, in that case, stated, "[t]he manifest intent of the parties to a contract should always be given effect unless it be in violation of law or public policy." The court then determined that the covenant releasing one joint tortfeasor did not release all, because the contract expressly reserved to the plaintiffs the right to sue any other person "against whom they may have or assert any claim... arising out of the ... accident." We agree with, and follow, the rule that the intent expressed in the contract must be given effect. Here, the intent of the parties is clearly expressed by the statement that the agreement "is intended as a full compromise and settlement of all claims ... arising from Greybar's sale to the Hyzaks...."
The agreement not only does not reserve any rights as against Faith, but expressly includes all claims set forth in the within action. It is difficult to imagine how a more explicit release of these claims could be drafted.
Plaintiffs further assert that the trial court erred in not permitting them to amend their complaint to allege "an independent and separate" cause of action against Faith. They contend that they should be allowed to assert an independent claim against Faith, apparently to bring them within the rule set forth in Bayers v. W.O.W., Inc., 162 Colo. 391, 426 P.2d 552, and in Sanchez v. George Irvin Chevrolet Co., 31 Colo.App. 320, 502 P.2d 87, that the release of one tortfeasor does not necessarily operate as a release of damages caused by independent or successive tortfeasors. However, in this action all actions complained of took place before the asserted injury occurred and involved joint actions of all defendants. Further, the agreement itself would preclude recovery on any such claim since it releases all claims, "whether or not said ...

*1092 claims ... are set forth in" the present action.
We find no merit in plaintiffs' other asserted error and, in view of our affirmance of the trial court, do not consider Faith's cross-appeal.
Judgment affirmed.
VanCISE and KELLY, JJ., concur.