**Henry DEATON and Deaton, Inc., a corporation, Plaintiff–Appellant,**

v.

**Irvin L. MASON, Defendant–Appellee.**

**No. 80CA0156.**

Colorado Court of Appeals,
Div. I.

Aug. 14, 1980.

Hamilton, Hamilton, Shand & McLachlan, P. C., Michael E. McLachlan, Durango, Sommer, Lawler, Scheuer & Simons, P. C., Thomas A. Simons, IV, Santa Fe, for plaintiff–appellant.

James C. Anesi, Durango, for defendant–appellee.

VAN CISE, Judge.

Plaintiffs, Henry Deaton and Deaton, Inc. (the sellers), sued defendant, Irvin L. Mason (the lawyer), alleging malpractice in his representation of them respecting a sale of personal property. From a summary judgment in favor of the lawyer, the sellers appeal. We reverse.

The depositions, admissions in the pleadings, and the exhibits disclose that the lawyer drafted an $18,500 purchase money unsecured promissory note payable to the sellers which was signed by M and S, Inc. (the buyer) and guaranteed by Walter S. Fahsholtz (the guarantor). The note went into default, and in 1975 the sellers obtained a consent judgment against the buyer and guarantor for the amount then due on the note ($24,777.89), plus additional amounts on other claims ($3,373), less $2,000 previously paid. On payment of part, but less than all, of the judgment, the parties to that lawsuit filed a stipulation that the judgment had been "fully settled and compromised," the court approved the stipulation, and the clerk executed a certificate to the effect that the judgment had been "fully satisfied."

The sellers then instituted the present action against the lawyer who had represented them in the purchase and sale transaction. They alleged several acts or omissions constituting negligence, and, as damages, asked for the difference between the amount owing and the amount collected on the purchase money note.

The lawyer moved for summary judgment on the basis that the sellers' claim was merged into the 1975 judgment against the buyer and guarantor which was "fully satisfied." The trial court held that "when the [sellers] accepted a compromised amount of the judgment in full satisfaction thereof, the measure of damages in any suit for negligence against [the lawyer] cannot be calculated," and entered judgment for the lawyer.

■ Initially, we reject the court's determination that the damages cannot be calculated. The basis for the 1975 judgment was set forth in the "Motion of Entry of Judgment" and in the "Memorandum of Indebtedness" attached thereto. The amounts paid in the settlement are capable of proof.

■ The sellers contend that satisfaction of a judgment by accepting payment of a lesser amount does not bar further suit on a different claim against another party for the unpaid balance. We agree. See *Sanchez v. George Irvin Chevrolet Co.*, 31 Colo. App. 320, 502 P.2d 87 (1972); *Ash v. Mortensen*, 24 Cal.2d 654, 150 P.2d 876 (1944).

■ Under the circumstances of this case, the sellers had two distinct claims: an action on the note (and other matters) against the buyer and the guarantor, and a malpractice action against the lawyer. The lawyer would not have been either a proper or necessary party to the other lawsuit. See *Woodco v. Lindahl*, 152 Colo. 49, 380

P.2d 234 (1963); C.R.C.P. 19 and 20. Additionally, contrary to the lawyer's assertions, the malpractice claim is not barred by the doctrines of *res judicata, see Hizel v. Howard,* 144 Colo. 15, 354 P.2d 611 (1960), collateral estoppel, *see Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973), release, *see Bayers v. W.O.W., Inc.,* 162 Colo. 391, 426 P.2d 552 (1967), or merger, *see Cackley v. Smith,* 47 Kan. 642, 28 P. 617 (1892); *see also Cobbey v. Peterson,* 89 Colo. 350, 3 P.2d 298 (1931).

■ Because material questions of fact remain on the liability and damage issues in this case, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

COYTE and KIRSHBAUM, JJ., concur.