SAMUEL F. KENNEDY, Plaintiff-Appellant, v. THE FIRST NATIONAL BANK OF DECATUR, Defendant-Appellee.

Fourth District   No. 4—84—0241

Opinion filed January 30, 1985.

634

Costello, Long & Young, of Springfield, for appellant.

Vernon H. Houchen, of Decatur, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On September 23, 1983, plaintiff, Samuel F. Kennedy (Kennedy), filed an amended complaint in the circuit court of Macon County, alleging that he had suffered damages as a result of certain actions and representations made by defendant, the First National Bank of Decatur (the bank). Kennedy appeals from an order entered by the trial court granting a motion filed by the bank and dismissing the amended complaint with prejudice. We previously reversed the circuit court's decision in part and affirmed it in part. We then granted defendant's petition for rehearing. Upon further consideration, we affirm the decision of the circuit court *in toto.*

Kennedy was the president and majority shareholder in an Illinois corporation known as S. F. Kennedy Industries, Inc. (the corporation). On July 14, 1983, Kennedy filed his original complaint against the bank. That complaint was subsequently dismissed on the bank's motion, and Kennedy filed the amended complaint, which contained the following allegations. For approximately two years prior to July 1981, Kennedy and the corporation had maintained a banking relationship with the bank. The bank had extended a $1 million line of credit to the corporation, and Kennedy had personally guaranteed the corporation's line of credit. Kennedy, in his capacity as president of the corporation, had agreed to allow the bank to withdraw from the corporation's demand deposits with the bank the amount of interest which had accrued each month on the corporation's outstanding loans.

The amended complaint further alleged that on July 15, 1981,

while Kennedy was engaged in a trial in Indiana, the bank's president advised Kennedy by telephone that the bank desired to demand a portion of the outstanding principal owed by the corporation to the bank and personally guaranteed by Kennedy. Kennedy stated that as soon as he could return from Indiana he would make arrangements to comply with the bank's desires. The bank's president then agreed that the bank "would forebear from any further action" until the Indiana trial was concluded. Subsequently, without further notice to Kennedy or the corporation and "contrary to the [parties'] express and explicit agreement," the bank seized corporate bank accounts, dishonored corporate checks and rendered the corporation unable to pay its current obligations.

The amended complaint also alleged that "as a direct result and consequence of the bank's actions and false representations and assurances," (1) Kennedy's creditors deemed themselves "insecure" and looked to Kennedy "to pay accelerated obligations and sums otherwise not yet due," (2) Kennedy's creditors sued him, seized his property, levied on his property and "ravaged and plundered" his estate, and "impaired and destroyed" his other business and opportunities, and (3) Kennedy incurred damages exceeding $1 million "to his business, property and credit."

In the amended complaint, Kennedy (1) stated that the injuries "herein complained of have been inflicted on [Kennedy] personally, and are completely separate from and not intended to reflect any injuries" suffered by the corporation, and (2) explicitly disclaimed any damages reflecting injuries to the corporation.

Although counts I and II each request compensatory damages, count II further alleges that Kennedy's business reputation was impaired. Count III alleges that the bank's alleged actions were wilful and requests punitive damages.

The bank filed a motion to dismiss on September 30, 1983, asserting that (1) the cause of action was barred by the doctrine of *res judicata*, (2) the cause of action was barred by the statute of limitations, and (3) Kennedy did not have the legal capacity to sue because the cause of action was the property of the trustee in bankruptcy.

Prior to the hearing on the motion to dismiss, the bank filed an affidavit in support of its motion stating that the United States Bankruptcy Court for the Central District of Illinois had entered an order on October 12, 1983, in a proceeding in which the bank was plaintiff and Kennedy and the trustee in bankruptcy of the corporation and related companies were defendants. In that case the bank sought to recover on the corporation's indebtedness which Kennedy had guaran-

teed. In the order, a copy of which was attached to the affidavit, the Bankruptcy Court determined that the corporation's trustee in bankruptcy did not have a cause of action, counterclaim, or setoff against the bank in connection with any of the activities between the corporation and the bank, relating to the bank's claims or activities in offsetting corporate bank accounts and dishonoring outstanding corporate checks.

Following a hearing, the trial court dismissed the amended complaint with prejudice. Upon rehearing and after considering the record, we conclude that the trial court properly dismissed the amended complaint.

In the motion to dismiss, the bank asserted that this cause of action was barred by the doctrine of *res judicata* based upon a prior judgment entered by the circuit court of Macon County in an action between the same parties. In the previous action, the bank obtained a judgment by confession on a note of the corporation which was guaranteed by Kennedy, individually. Kennedy subsequently filed a motion to open that portion of the judgment by confession relating to the award of attorney fees (87 Ill. 2d R. 276).

We note that although Kennedy could have filed a counterclaim in the previous action asserting the same cause of action as that alleged here, he was not required to do so. Section 2—608(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—608(a)) provides that a defendant may plead a counterclaim against a plaintiff. However, section 2—608(a) does not require a defendant to immediately assert his rights by way of a counterclaim if it would be inconvenient or strategically inadvisable for him to do so. (See *Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 403 N.E.2d 1262.) Here, had Kennedy been injured in a manner permitting recovery, he might not have known the fullest extent of those damages at the time of the prior action.

We also note that the previous case between the parties was based upon a different cause of action and involved different issues than the cause of action and issues alleged in the case at bar. Accordingly, we conclude that the instant cause of action is not barred by the prior judgment by confession obtained by the bank.

The bank also argued that the instant case was barred by the statute of limitations because the "cause of action [was] asserted more than two years" after it arose. We believe that this argument must fail. We note that although the amended complaint was filed more than two years after the bank's alleged actions which occurred "on or about" July 15, 1981, the original complaint was filed on July

14, 1983, within the two-year period after the cause of action arose. The instant case was not barred by the statute of limitations because the cause of action alleged in the amended complaint "grew out of the same transaction or occurrence set up" in the timely filed original complaint (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b)).

■ The bank argued in its motion to dismiss that Kennedy did not have the legal capacity to sue because the cause of action was the property of the trustee in bankruptcy. Kennedy argues on appeal that the bank's actions injured him both as a shareholder and individually (1) as a guarantor of the corporation's indebtedness to the bank, and (2) in his other business activities.

If a corporation is injured by conduct similar to that alleged in the amended complaint, the corporation is the proper party to sue, and shareholders of the corporation injured by virtue of the diminution in value of their shares may not recover directly for their losses, but are compensated indirectly if the corporation recovers because its assets are replenished. (*Stein v. United Artists Corp.* (9th Cir. 1982), 691 F.2d 885.) In addition, Kennedy admits on appeal that all rights of action for injury to property of a bankrupt are vested in the trustee in bankruptcy. Accordingly, we conclude that Kennedy is not the proper party to sue for damages sustained either by the corporation or by Kennedy as a shareholder.

■ Kennedy's contention that he was damaged in an individual capacity is more complicated. However, regardless of whether any representations or promises on behalf of the bank were made to Kennedy in his individual capacity as a guarantor of the note, all of the allegedly wrongful acts of the bank were directed at the corporation. These acts included the bank's seizure of the corporate bank account, the dishonoring of corporate checks, and the rendering the corporation unable to pay its corporate obligations. The theory of the amended complaint was that the resultant damage to the corporation, in turn, caused Kennedy's creditors to take various actions against him. There was no allegation that the bank sued Kennedy on his guaranty or took any action against any of his assets.

Thus, even if Kennedy's creditors acted pursuant to a fear that his credit was damaged because he was likely to incur liability on his guaranty, the motive for the creditors' concern arose from the alleged injury to the financial position of the corporation. Any injury to Kennedy would have been derivative of that to the corporation in the same manner that injury to Kennedy in his capacity as a shareholder would have been derivative of injury to the corporation. *Stein v. United Artists Corp.* (9th Cir. 1982), 691 F.2d 885.

Kennedy has not set forth any theory upon which he can recover. He requests that we remand so that he may have an opportunity to further amend his complaint. His request comes too late. Had he wished to amend, he should have requested leave of the trial court to do so at the time it entered the order from which appeal was taken.

■■ The bank also asserts that the order entered by the Bankruptcy Court serves as a collateral estoppel bar to the instant case. The doctrine of collateral estoppel provides that parties are precluded from relitigating an issue in a subsequent proceeding when that issue was actually or necessarily decided by a court of competent jurisdiction in an earlier proceeding involving the same parties and a different cause of action. *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205.

We conclude that the doctrine of collateral estoppel does not bar Kennedy from asserting that the bank's actions injured him in his other business affairs and individually in his capacity as guarantor of the corporation's indebtedness. We note that the Bankruptcy Court, in striking certain portions of the bank's complaint in bankruptcy, determined that it had no jurisdiction over Kennedy's claim for damages sustained in his individual capacity. Moreover, the Bankruptcy Court determined only that the corporation's trustee in bankruptcy had no cause of action against the bank based on its actions relating to the corporation. Accordingly, the doctrine of collateral estoppel does not bar the issue of whether Kennedy was injured individually because (1) such issue was not actually or necessarily decided in the bankruptcy proceeding, and (2) the Bankruptcy Court expressly determined that it had no jurisdiction over such issue.

For the reasons stated, we affirm.

Affirmed.

MILLS and TRAPP, JJ., concur.