**Leo A. WOLF and Amelia Wolf, Plaintiffs and Appellants,**

v.

**Donald M. ANDERSON, Steven A. Herman, Royhl B. Ebert, Greg Holverson, Roger Ledebuhr, Quint Investment Group, a co-partnership, Erwin H. Ledebuhr, and Evelyn P. Ledebuhr, Defendants and Appellees.**

**Civ. No. 870340.**

Supreme Court of North Dakota.

April 18, 1988.

Daniel J. Chapman of Chapman & Chapman, Bismarck, for plaintiffs and appellants.

Joseph J. Cichy of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellees.

VANDE WALLE, Justice.

Leo A. and Amelia Wolf appealed from a district court judgment[1] dismissing their action for damages against the defendants, Donald M. Anderson, Steven A. Herman, Royhl B. Ebert, Greg Holverson, Roger Ledebuhr, d/b/a Quint Investment Group, a co-partnership, and Erwin H. and Evelyn P. Ledebuhr, for breach of a contract for deed. We affirm.

On April 28, 1977, the Wolfs executed a contract for deed to sell a parcel of property and apartment building located in Bismarck for $33,000 to the Quint Investment Group, a co-partnership consisting of Anderson, Herman, Ebert, Holverson, and Roger Ledebuhr. The contract for deed provided that the "[s]ellers reserve the

---

1. The Wolfs' notice of appeal, dated November 10, 1987, states that it is from the "[o]rder entered on the 16th day of September, 1987." That order provided that "[j]udgment will be entered for the defendants, dismissing the action," and was in essence an order for judgment. A subsequent judgment consistent with that order was entered on March 24, 1988, and consequently this appeal is properly before us. See *Olson v. Job Service of North Dakota*, 379 N.W. 2d 285 (N.D.1985); *Federal Savings and Loan Insurance Corp. v. Albrecht*, 379 N.W.2d 266 (N.D.1985).

right to demand payment of the balance in full at any time upon notice of not less than twelve (12) months." The contract for deed also included a separate default provision which stated that upon default by the buyers, the sellers may, at their option, by written notice declare the purchase price due, cancel and terminate the contract, and keep the payments already made by the buyers as liquidated damages for the breach.

As of January 12, 1979, the co-partners of Quint Investment Group had transferred all of their interest in the contract for deed to Erwin and Evelyn Ledebuhr. In January 1979 the Wolfs demanded payment of the balance due under the contract for deed by January 28, 1980. From February 1979 to October 1979 Erwin and Evelyn made the monthly payments pursuant to the contract. On October 4, 1979, the City of Bismarck condemned the apartment building and ordered that it be demolished on or before January 10, 1980. Erwin and Evelyn did not make any payments after October 1979, and on January 8, 1980, without the Wolfs' knowledge, they filed an undated quitclaim deed transferring their interest in the property back to the Wolfs.

The Wolfs then brought suit against the individual partners of Quint Investment Group and Erwin and Evelyn under the contractual provision permitting them to demand full payment of the balance upon not less than twelve months' notice. The Wolfs sought specific performance of the contract for deed including payment of the balance due of $21,356.05. The trial court dismissed that action because the Wolfs had failed to prove that damages were an inadequate remedy. On appeal in that case, *Wolf v. Anderson*, 334 N.W.2d 212 (N.D.1983) [Wolf I], we held that the trial court did not abuse its discretion in refusing to grant the Wolfs specific performance because they had failed to establish that their legal remedy of damages was inadequate.

The Wolfs then brought this action, seeking the balance due under the contract for deed ($21,356.05) plus interest or, alternatively, $50,000 for the loss of the property if they were forced to accept return of the property. Erwin and Evelyn moved for a judgment on the pleadings based upon the affirmative defense of res judicata, contending that the issues raised in this case were decided in *Wolf I*. The district court determined that the Wolfs' exclusive remedy was for liquidated damages as provided in the contract for deed and granted the Ledebuhrs' motion. The Wolfs have appealed.

Although not extensively relied upon by the parties, the dispositive issue on appeal concerns whether or not *Wolf I* is res judicata as to this action. Our resolution of the dispositive issue is dictated by the decision in *Perdue v. Knudson*, 179 N.W.2d 416 (N.D.1970), wherein this court held that a previous judgment dismissing a complaint seeking specific performance of an option contract to purchase real estate was res judicata as to a second action for damages based upon the same contract. We said:

"Courts will not permit a litigant to try a part of his case and then, if he is disappointed with the outcome of the action, to have another day in court simply by alleging new claims or making a new demand for relief, when he could have made such demand in the prior action. In such case, the judgment in the first action is conclusive between the same parties as to all matters tried in that action or which, under the rules, might have been put in issue in the action previously tried, in which judgment was entered and from which judgment no appeal was taken.

"The parties to this action are the same as those in the previous action. The plaintiffs' claims are based upon the same agreement, and the action is the same except that in this action the plaintiffs seek to recover damages for failure of the defendant to convey, whereas in the former action they sought to compel the defendant to specifically convey the premises. Damages might have been demanded in the first action. Consequently, the judgment on the merits in the first action between the same parties constitutes a bar to the subsequent action based upon the same claim or claims or cause of action, not only as to matters

in issue but as to all matters essentially connected with the subject of the action which might have been litigated in the first action." *Perdue v. Knudson, supra,* 179 N.W.2d at 421–422.

In this case the Wolfs sought damages from the same parties from whom they sought specific performance in *Wolf I.* Their claim for damages is based upon the same contract for deed and identical factual situation. This action is the same as *Wolf I* except that in this action the Wolfs sought damages from the defendants whereas in *Wolf I* they sought specific performance of the contract for deed. Under these circumstances, our decision in *Perdue v. Knudson, supra,* renders *Wolf I* res judicata as to the issues raised in this case.

However, the Wolfs contend that *Wolf I* is not res judicata because language in that opinion expressly contemplated that they could bring an action for damages. We disagree.

In *Wolf I* we specifically recognized that specific performance was not appropriate where the Wolfs failed to meet their burden of proving that their legal remedy of damages was inadequate. The statements that "the Wolfs' complaint gives no reasons why the legal remedy of damages would be inadequate," and that "there is no indication that monetary damages will not adequately compensate the Wolfs" must be read within the context of our review of whether or not the trial court abused its discretion in denying specific performance of the contract for deed in that case. Those statements are significant as to whether specific performance was appropriate in that case because the party seeking specific performance must clearly show that the legal remedy of damages is inadequate. *Wolf I, supra; Tower City Grain Co. v. Richman,* 232 N.W.2d 61 (N.D.1975). Within that context, those statements did not reserve a separate action for damages by the Wolfs, and instead indicate why specific performance was not appropriate in that case.

We thus conclude that *Wolf I* is res judicata as to this action and, accordingly, the district court properly dismissed the Wolfs' complaint in this case.

Although the parties' primary argument to this court involved whether the liquidated-damages clause was the Wolfs' exclusive remedy, we have sustained the district court's decision on the grounds of res judicata and it is unnecessary for us to resolve the exclusivity of the liquidated-damages clause.[2] However, we note that liquidated-damages clauses which do not coincide with the exception set forth in Section 9–08–04, N.D.C.C., are void and that certain foundational facts must be established in order to trigger that exception. *Hagan v. Havnvik,* 421 N.W.2d 56 (N.D. 1988). See also, Section 32–03–14, N.D.C. C.

The district court judgment is affirmed. Neither party is awarded costs on appeal.

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.

---

**2.** We do not reverse a proper judgment merely because the trial court's reasoning in arriving at the judgment was incorrect if the results are the same under applicable reasons. E.g., *Radspinner v. Charlesworth,* 369 N.W.2d 109 (N.D.1985).