979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold D. BERGMAN and Arlene V. Bergman, Plaintiffs-Appellants,
v.
PRODUCERS LIVESTOCK CREDIT CORPORATION, Defendant-Appellee.
 No. 91-2996.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 19, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 This was a diversity action brought by Harold and Arlene Bergman, Illinois citizens, against Producers Livestock Credit Corporation, an entity incorporated in Delaware with its principal place of business in Nebraska. 28 U.S.C. § 1332. The district court granted summary judgment for the Corporation on the ground of res judicata, and the Bergmans appealed. After reviewing the record and the parties' briefs, we conclude that the district court properly resolved the issues before us, and so affirm its judgment for the reasons stated in the attached memorandum and order.**
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 4
 Harold D. Bergman and V. Arlene Bergman, Plaintiffs,
 
 
 5
 v
 
 
 6
 Producers Livestock Credit Corporation, Defendant.
 
 Cause No. 89-3375
 
 7
 July 23, 1991.
 
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 8
 Before the Court is defendant's motion for summary judgment. Plaintiff's complaint is in six counts. The Court previously dismissed Counts Four and Five; therefore, this motion addresses Counts One, Two, Three and Six. In its motion defendant argues that plaintiffs' claim is barred by the doctrine of res judicata.
 
 I. BACKGROUND
 
 9
 Defendant is an Illinois agricultural cooperative, and plaintiffs are farmers. In 1982, plaintiffs secured a loan from defendants which was secured by plaintiffs' feeder cattle operations. Defendant continued to finance plaintiffs' cattle feeding operation in 1983, and in 1984 the parties negotiated a new and larger loan which was secured by livestock and by real estate owned by plaintiffs.
 
 
 10
 The loan was to mature on January 10, 1985, and the maturity date was extended to March 10, 1985. Plaintiffs failed to repay the outstanding loan balance, and in August of 1985, defendant filed suit in Illinois state court to foreclose its mortgage lien which secured plaintiffs' obligation. Defendant subsequently filed an amended complaint in May of 1986.
 
 
 11
 In the course of the litigation, plaintiffs filed various affirmative defenses and counterclaims, all of which were stricken by the state court. On August 25, 1986, plaintiffs filed a third counterclaim after previous counterclaims had been stricken. On December 1, 1986, the third counterclaim was also stricken, and plaintiffs were granted 14 days to file an amended counterclaim. Plaintiffs did not file an amended counterclaim, and judgment was entered in favor of defendant on April 27, 1987.
 
 
 12
 Plaintiffs have now filed suit against the defendant in this Court alleging causes of action based on breach of contract, promissory estoppel, and fraud on the part of defendant.
 
 II. ANALYSIS
 
 13
 Defendant argues that each of plaintiffs' causes of action was, or could have been, litigated in state court proceedings by way of affirmative defense or counterclaim. Therefore, defendant argues, the claims are barred by the doctrine of res judicata.
 
 Res judicata or claim preclusion provides:
 
 14
 [T]hat when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."
 
 
 15
 Magnus Electronics, Inc. v. La Republica Argentina, 830 F.2d 1396, 1400 (7th Cir.1987). Thus, "under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955).
 
 
 16
 In the case at bar, it is clear that the parties in the state court action are identical to the parties in the instant action. Thus, the Court must determine whether the causes of action in the two proceedings are the same.
 
 
 17
 Upon review of plaintiffs' counterclaims and affirmative defenses filed in state court, the Court finds that the claims are essentially the same as those raised in the complaint in the instant action. Clearly, the complaint in the case at bar involves the same operative facts as the state action. Accordingly, the Court concludes that the instant action is barred by the doctrine of res judicata in that the causes of action raised in the complaint were, or could have been, raised in state court.
 
 
 18
 Plaintiffs argue in response that in Illinois counterclaims are permissive; that they were not required to file their counterclaim in state court; and, therefore, that the complaint herein is not barred by res judicata.
 
 
 19
 It is true that a party may elect to assert a counterclaim; however, "if the claim involves the same operative facts, the doctrine of res judicata may operate to bar a subsequent action." Block and Co. v. Storm Printing, 40 Ill.App.3d 92, 351 N.E.2d 271, 274 (1976).
 
 
 20
 Plaintiffs have submitted several cases in which the courts have permitted parties to file complaints even though they did not file counterclaims in previous actions. In each of those cases, however, the courts noted that the subsequent actions were permitted because the requirements of res judicata were not satisfied. Kennedy v. First Nat'l Bank of Decatur, 129 Ill.App.3d 633, 473 N.E.2d 604 (1985); Miller v. Bank of Pecatonica, 83 Ill.App.3d 424, 403 N.E.2d 1262 (1980). Thus, even though Illinois counterclaims are permissive, if an action meets the res judicata standards, it is properly barred.
 
 III. CONCLUSION
 
 21
 For the above stated reasons, the Court finds that the action in the case at bar is barred by the doctrine of res judicata. Accordingly, defendant's motion for summary judgment is GRANTED, and the Clerk is directed to enter judgment in favor of defendant Producers Livestock Credit Corporation and against plaintiffs Harold D. Bergman and V. Arlene Bergman.
 
 
 22
 IT IS SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 The motions to strike the Bergmans' reply brief and for sanctions are denied. To the extent that the reply brief contains matter not part of the record before the district court, we did not consider it on appeal. Fed.R.App.P. 10. In addition, the Bergmans' conduct was not of the kind which warrants sanctions. Fed.R.App.P. 38