Gail LITTLEFIELD and Corinne "Koko" Karlin, individually and d/b/a Brandy Partnership, Plaintiffs and Appellants,

v.

UNION STATE BANK, HAZEN, NORTH DAKOTA; and Charles Stroup and Harvey Huber, individually and as officers of the Union State Bank of Hazen; and Edward W. Grunett, Defendants and Appellees.

Civ. No. 920141.

Supreme Court of North Dakota.

May 26, 1993.

Larry W. Quast (argued), Beulah, for plaintiffs and appellants.

Bruce H. Carlson (argued) of McNair, Larson & Carlson, Ltd., Fargo, for defendants and appellees Union State Bank, Charles Stroup and Harvey Huber.

William A. Herauf (argued) of Reichert, Buresh, Herauf & Ficek, P.C., Dickinson, for defendant and appellee Edward W. Grunett.

LEVINE, Justice.

Gail Littlefield and Corrine Karlin (plaintiffs), individually and doing business as Brandy Partnership, appeal from a summary judgment dismissing their claims against Edward Grunett, Union State Bank, and Charles Stroup and Harvey Huber, individually and as officers of the Bank (collectively referred to as defendants). We affirm.

In 1985, the plaintiffs were employees, officers and directors of Brandy Corporation, a firm that provided temporary employees for other businesses. Prior to September 1985, the Bank had loaned Brandy Corporation money for its operating expenses. The plaintiffs alleged that in the summer of 1985, the Bank orally agreed to loan them $51,000 to purchase the stock of the corporation's majority stockholder, Kim Hollapa, and to cover the corporation's operating expenses. In September 1985, the plaintiffs and Hollapa executed a buy-out agreement and plaintiffs became the sole shareholders of the corporation. According to the plaintiffs, the Bank thereafter informed them that it would not complete the loan and instructed them to contact Grunett, the corporation's accountant, for advice. The plaintiffs alleged that Grunett advised them to "borrow" money from the Internal Revenue Service by not paying the corporation's employee withholding taxes. According to the plaintiffs, they had sufficient collateral to secure a loan from other sources, but they took Grunett's advice and did not pay the taxes due, resulting in the IRS filing tax liens against the corporation in May and September 1986.

On January 16, 1987, the corporation filed a Chapter 11 petition in bankruptcy, listing Grunett as an unsecured creditor with a "disputed" claim of $7,000 for accounting fees and the Bank as a secured creditor with a secured claim of $28,600 in accounts receivable. The corporation filed a "Schedule B–2" of its personal property; the schedule did not list any "[c]ontingent and unliquidated claims of [any] nature, including counterclaims of the debtor." Nor did the "Schedule B–3" filed by the corporation list any "[p]roperty of any kind not otherwise scheduled." The corporation's "statement of financial affairs" indicated that it had "[d]iscussed [a]ccountant [p]roblems and procedures to correct problem" with its bankruptcy attorney. The corporation's reorganization plan did not identify any potential claim for relief against the defendants. The bankruptcy court confirmed the reorganization plan on September 23, 1987. The corporation's bankruptcy proceeding was closed on December 28, 1987. Meanwhile, the plaintiffs formed "Brandy Partnership" and continued in the same business.

In February 1990, the plaintiffs sued the defendants, alleging that the Bank's failure to complete the loan and Grunett's bad advice caused the insolvency of the corporation and the need to seek the protection of the bankruptcy court. The plaintiffs

alleged breach of an agreement to make the loan, breach of contract, breach of a fiduciary relationship, constructive fraud, negligence and duress. The district court granted Grunett's motion for summary judgment, concluding that the two-year statute of limitations for professional malpractice barred the plaintiffs' action against him. The court later granted the remaining defendants' motion for summary judgment, concluding, inter alia, that the plaintiffs' action belonged to the corporation, not the shareholders, and was precluded because it was not disclosed in the corporation's bankruptcy proceeding. The plaintiffs appealed.

The plaintiffs seek reversal of the summary judgment, claiming there remain genuine issues of material fact. The defendants respond that the plaintiffs' action is barred because it was not disclosed in the corporation's bankruptcy proceeding.

■ Our review is guided by well-established standards for summary judgment. Summary judgment is a procedural device for promptly and expeditiously disposing of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that the resolution of any factual dispute will not alter the result. *Fibelstad v. Grant County*, 474 N.W.2d 54 (N.D. 1991); *Ebach v. Ralston*, 469 N.W.2d 801 (N.D.1991).

In bankruptcy proceedings, 11 U.S.C.A. § 521(1) requires a debtor to "file ... a schedule of assets and liabilities ... and a statement of the debtor's financial affairs." Bankruptcy Schedule B–2 requires a debtor to disclose "[c]ontingent and unliquidated claims of every nature, including counterclaims." Before the bankruptcy court may approve a reorganization plan, 11 U.S.C.A. § 1125, requires a Chapter 11 debtor to file a "written disclosure statement" containing "adequate information" which would enable claim holders to make an informed judgment about the plan.

Because of these requirements, courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped or barred by res judicata from bringing the action after confirmation of the bankruptcy reorganization plan. *Matter of Baudoin*, 981 F.2d 736 (5th Cir.1993) [res judicata]; *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555 (9th Cir.1992) [equitable estoppel]; *Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir.1992) [res judicata]; *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474 (6th Cir.1992) [res judicata]; *Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869 (2nd Cir.1991) [res judicata]; *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3rd Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) [equitable estoppel and judicial estoppel]; *In re Hoffman*, 99 B.R. 929 (N.D.Iowa 1989) [equitable estoppel, judicial estoppel, and res judicata]; *Cleasby v. Security Fed. Savings Bank*, 243 Mont. 306, 794 P.2d 697 (1990) [equitable estoppel]; *Zwemer v. Production Credit Ass'n*, 792 P.2d 245 (Wyo. 1990) [judicial estoppel].

Those decisions rely primarily upon the well-established requirement that a debtor seeking the benefits of bankruptcy must fulfill the companion duty of fully disclosing and scheduling all property interests and rights so that the bankruptcy court and creditors can make an informed decision about the debtor's proposed reorganization plan. *Sure–Snap, supra; Oneida, supra.*

In *Sure–Snap, supra*, the court concluded that because a corporate debtor failed to disclose possible claims against two creditor banks, or to raise the claims as a defense in the debtor's prior Chapter 11 bankruptcy proceeding, res judicata barred the corporate debtor and its officers from bringing a subsequent lender liability action against the banks. The subsequent action was barred because it involved the same parties or their privies and the same claims, which could have been brought in the bankruptcy proceeding and which may have affected the creditors' decision to vote for confirmation of the bankruptcy reorganization plan.

The federal courts' analyses of the preclusive effect of a prior bankruptcy proceeding and our law of res judicata lead us to conclude that Brandy Corporation's bankruptcy proceeding bars the plaintiffs from litigating their claims in this case. In *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D.1992), we restated the elements of res judicata:

"Res judicata, or claim preclusion, ... prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which [were] resolved by final judgment in a court of competent jurisdiction."

A determination of whether res judicata applies is a question of law. *Hofsommer, supra; Peacock v. Sundre Township*, 372 N.W.2d 877 (N.D.1985).

Under 11 U.S.C.A. § 1141(a), a bankruptcy court's confirmation of a reorganization plan is binding on the debtor and any creditor, and, for purposes of res judicata, confirmation is a valid, final judgment by a court of competent jurisdiction. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Eubanks, supra; Matter of Baudoin, supra; see* 5 Collier on Bankruptcy ¶ 1141.01[1] (15th Ed.1993). Accordingly, the bankruptcy court's confirmation of Brandy Corporation's reorganization plan is a final judgment by a court of competent jurisdiction.

In resolving whether a subsequent action involves the same claims or issues as those that were raised or could have been raised in a prior proceeding, we begin with the rule that res judicata applies even though the subsequent claims may be based upon a different legal theory. *Wolf v. Anderson*, 422 N.W.2d 400 (N.D.1988). But, if the subsequent claims are based upon the identical factual situation as the claims in the prior proceeding, then they should have been raised in the prior proceeding. *Wolf, supra; Perdue v. Knudson*, 179 N.W.2d 416 (N.D.1970). It matters not that the substantive issues were not directly decided in the prior action; the key is that they were "capable of being, and should have been, raised as part of the [prior] proceeding." *Hofsommer, supra*, 488 N.W.2d at 385.

The plaintiffs' action here involves a lender-liability claim against the Bank and its officers and a malpractice claim against Grunett. In the bankruptcy proceeding, the corporation identified the Bank as a secured creditor with a secured claim of $28,600 in accounts receivable, and Grunett as an unsecured creditor with a disputed claim of $7,000 for accounting fees. The plaintiffs, in effect, acknowledge the interrelatedness of the corporation's prior bankruptcy proceeding and this action by claiming that the defendants' conduct caused the corporation to become insolvent and to file for bankruptcy. *See Sure-Snap, supra*. The plaintiffs' present claims are based upon the same underlying factual situation that, by the plaintiffs' own admission, precipitated the corporation's bankruptcy proceeding.

Nevertheless, the plaintiffs argue that their lawsuit is not barred by the corporation's bankruptcy because "no one was aware that there was even a remote possibility" that their claims existed during that proceeding. In the bankruptcy proceeding, the corporation filed a statement of financial affairs which indicated that it had "[d]iscussed [a]ccountant [p]roblems and procedures to correct problem" with its bankruptcy attorney. Both Littlefield and Karlin admitted in their depositions that, during the bankruptcy proceedings, their bankruptcy attorney informed them that they had a possible claim for relief against the defendants. *Cf. Wall v. Lewis*, 393 N.W.2d 758 (N.D.1986) [in determining when legal malpractice statute of limitations begins to run under discovery rule, the trial court properly granted summary judgment against plaintiffs because, as a matter of law, they knew, or with reasonable diligence should have known, about possible malpractice claim when their attorney advised them they had a potential action]. It is undisputed that the defendants' conduct predated the corporation's bankruptcy proceeding and that, during the bankruptcy, the plaintiffs were aware of the facts underlying their claims. Their

asserted ignorance of the significance of those facts is an inadequate excuse for their failure to disclose their claims in the prior proceeding. *Matter of Howe*, 913 F.2d 1138 (5th Cir.1990); *see Eubanks, supra.* The circumstances of this case are such that reasonable minds could only reach the conclusion that the plaintiffs' claims should have been disclosed during the corporation's bankruptcy proceeding. *Sure–Snap, supra. Cf. Wall, supra.*

That conclusion is supported by the rationale for complete disclosure. In the absence of complete disclosure of the full extent of the debtor's property, a bankruptcy court and creditors cannot make an informed decision about the debtor's proposed reorganization plan. The corporation's failure to disclose a potential lawsuit based upon the same underlying factual circumstances that allegedly caused the bankruptcy understated the corporation's assets in the bankruptcy proceeding and seriously undermined the effect of the bankruptcy court's confirmation of the reorganization plan. *Sure–Snap, supra. Cf. Hofsommer, supra* [in prior divorce action, wife's failure to identify wage claim against husband's solely-owned corporation affected value of marital estate and precluded wife from bringing later action against corporation to collect that claim]. We conclude that the plaintiffs' claims against the defendants were capable of being, and should have been, raised as part of the corporation's bankruptcy proceeding.

The plaintiffs also argue that they are not bound by the corporation's bankruptcy proceeding, because they were personally liable to the bank for the corporation's loans and they were personally damaged by the defendants' actions.

■ Generally, if a corporation is injured by the conduct of another, the corporation is the proper party to bring the action and shareholders may not recover directly for their losses. *E.g., Schumacher v. Schumacher,* 469 N.W.2d 793 (N.D.1991).

■ In this case, in the bankruptcy proceeding, the corporation was the named debtor and the defendants were identified as creditors. The plaintiffs were the sole shareholders of the corporation. In the context of res judicata, the plaintiffs' sole ownership of the corporation and complete control of its affairs constituted a sufficient common interest to place them in privity with the corporation. *Hofsommer, supra.* See also *Sure–Snap, supra.* Therefore, the plaintiffs, as shareholders, are bound by the confirmation of the corporation's reorganization plan in the prior bankruptcy proceeding. However, the plaintiffs' argument that they were damaged in their individual capacity requires a different analysis.

■ Individual shareholders of a corporation are barred from bringing lender-liability actions in their personal capacity even though the shareholders have personally guaranteed the corporate debt and have alleged personal damages. *First New York Bank for Business v. DeMarco,* 130 B.R. 650 (S.D.N.Y.1991); *Kennedy v. First Nat'l Bank of Decatur,* 129 Ill.App.3d 633, 85 Ill.Dec. 236, 473 N.E.2d 604 (1985); *Trans Global Alloy Ltd. v. First Nat'l Bank,* 564 So.2d 697 (La.Ct.App.1990), *reversed on other grounds by* 583 So.2d 443 (La.1991); *Around the World Importing, Inc. v. Mercantile Trust Co.,* 795 S.W.2d 85 (Mo.Ct.App.1990); *Stott v. Fox,* 246 Mont. 301, 805 P.2d 1305 (1990). In those cases, individual shareholders were precluded from personally bringing lender-liability actions, because the alleged wrongful conduct was directed at the corporations and not the individuals. Consequently, the shareholders' claims for relief accrued to the corporations and not to the shareholders in their personal capacity.

■ In this case, the plaintiffs' claims related to the Bank's asserted failure to complete a loan to the corporate officers so they could buy out the corporation's majority shareholder and cover the corporation's operating expenses. The plaintiffs alleged that, as a result, the corporation was short on capital, and that they followed Grunett's advice regarding the corporation's withholding taxes, which caused the corporation to become insolvent and to file for bankruptcy. The damages claimed by the plain-

tiffs related to the corporation's insolvency and bankruptcy. The plaintiffs further alleged that the defendants' conduct was directed at conspiring to acquire the business and to share in its profits. Although the plaintiffs may have made some personal guaranties, the crux of their complaint was that the corporation was the target of the defendants' wrongful conduct. The plaintiffs' action therefore belonged to the corporation.

We hold that the plaintiffs' action belonged to the corporation and that the res judicata effect of the corporation's prior bankruptcy proceeding precludes the plaintiffs' action against the defendants. That there may be factual disputes is immaterial because our application of the law of res judicata is such that the resolution of those factual disputes would not alter the result in this case.

Accordingly, we affirm the district court judgment.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.